## No. 4920.

(Court of Appeal, Parish of Orleans.)

## BARBER ASPHALT PAVING COMPANY vs. STANDARD BREWING COMPANY.

Thilborger & Duffy for plaintiff and appellee.

Buck, Walshe & Buck for defendant.

Dinkelspiel, Hart & Davey for appellant.

DUFOUR, J.—This is a suit on a paving contract brought against the defendant who, in turn, has called his vendor in warranty. Liability of the property for the assessment is not denied and the question presented is whether, under the warranty clause of the act of sale, the warrantor must hold his vendee harmless.

The act of sale was passed on the very day on which, after completion and acceptance of the work, the paving lien was recorded.

At the trial, evidence was offered to show that a prior adjudication had been made of the property to the defendant and that the act was merely in compliance with the adjudication.

Objection was made on the ground that such testimony would vary and contradict the notarial act which does not purport to be a confirmation of any previous auction sale, but a conventional act of sale.

The objection should have been maintained and the testimony excluded.

This case, therefore, falls within the doctrine laid down in **Louisiana Co. vs. Macheca, 3 Ct. of App. 75,** in which we said:

> "When property is sold after a contract for paving is perfected, but prior to the registry of the City Engineer's certificate, * * * the vendee escaped the charge resting on the property, and his vendor must protect him under the warranty clause of the act of sale."

The defendant is, therefore, entitled to a judgment against the warrantor.

It is also objected that no proof was adduced as to the costs of certain notarial acts and ordinances for which $16 are claimed, and that these should be charged according to the fee-bill, as stated in the **Suc. of Whitney.**

Where the documents appear to be lengthy and the

litigants have not taken the trouble to do their own counting of words so as to assist the Court, we think we have done our full duty when we state that the charge does not appear excessive on its face.

Judgment affirmed.
March 21, 1910.

## On Rehearing.

GODCHAUX, J.—The judgment of the lower Court was in plaintiff's favor, against defendant for the amount prayed for and costs, and for a like amount and all costs in defendant's favor and against his warrantors. The defendant and the warrantors applied for and prosecuted separate appeals, although, without objection, only one transcript was filed. Our decree affirmed the judgment, and this rehearing has been granted solely upon the question of whether the defendant should bear the costs incident to the appeal, which it unsuccessfully prosecuted, or should the warrantors bear the costs of that appeal in addition to the costs of the appeal which they, likewise, separately and unsuccessfully prosecuted.

The defendant undoubtedly had the right to defend the suit in the lower Court and to recover the costs incurred from its warrantors, even though the defense was unsuccessful. The defendant had an equal right, if dissatisfied with the judgment, to appeal from it, and the warrantors are bound to reimburse it the costs of that appeal.

It is not true, as contended by warrantors that an appeal by the defendant was unnecessary on account of the warrantors having already appealed. As to that appeal

the plaintiff and defendant were co-appellees, and consequently the judgment between them could not have been amended or reversed. That judgment could be amended or set aside only by an appeal by either the defendant or the plaintiff. The intent of our former decree was to enter the same judgment here as had been rendered in the lower court, under which judgment the defendant recovered all costs which it expended and for which it became liable to plaintiff. It is true that the defendant is primarily liable to plaintiff for costs of appeal, but the parties ultimately liable for all costs of appeal are the warrantors.

It is, therefore, ordered that our previous decree be amended and to that end the judgment appealed from is affirmed, the warrantors to pay all costs of appeal.